IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| AMERICAN EXTRUSION COMPANY D/B/A NON-FERROUS EXTRUSIONS, <br>     Plaintiff, <br><br> v. <br><br> POUZA TRUCKING, LLC, <br>     Defendant. | § § § § § § § § § <br><br> Civil Action No. A17CV0038-SS |

## FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW AMERICAN EXTRUSION COMPANY D/B/A NON-FERROUS EXTRUSIONS, Plaintiff, pursuant to Fed. R. Civ. P. 15(a)(1)(B), and files this First Amended Complaint against Defendant, POUZA TRUCKING, LLC, and in support thereof would respectfully show the Court as follows:

### PARTIES

1.    Plaintiff, AMERICAN EXTRUSION COMPANY d/b/a NON-FERROUS EXTRUSIONS ("Plaintiff" or "American Extrusion"), is a domestic corporation, whose principal place of business is 9210 Emmott Road, Houston, Texas 77074.

2.    Defendant, POUZA TRUCKING, LLC ("Defendant" or "Pouza"), is a Nebraska limited liability company doing business in Texas, whose principal place of business is 3306 Andrews Avenue, Grand Island, Nebraska 68801. Pouza has appeared through counsel in this lawsuit.

## JURISDICTION AND VENUE

3.   This Court has jurisdiction over this lawsuit because the suit arises under the Carmack Amendment, 49 U.S.C.A. § 14706 ("Carmack Amendment").

4.   Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## CONDITIONS PRECEDENT

5.   All conditions precedent have been performed, have occurred, or have been waived to entitle Plaintiff to recover the damages herein.

## FACTS

6.   On or about May 23, 2016, Defendant picked up approximately 58 bundles of aluminum extrusion from Plaintiff's facility located at 1100 Industrial Boulevard, Caldwell, Texas 77836 (the "Cargo"). The Cargo was to be delivered to Metals USA, located at 2840 E. Heartland Drive, Liberty, Missouri ("Buyer"). A copy of the Bill of Lading for this transaction is attached hereto as **Exhibit A** and incorporated for all purposes.

7.   Pursuant to invoices for the Cargo—no. 278967 in the amount of $41,050.27; no. 278968 in the amount of $13,950.00; no. 278969 in the amount of $5,022.01; no. 278970 in the amount of $902.57; and no. 278971 in the amount of $2,480.31—the total amount Buyer agreed to pay Plaintiff for the cargo was $63,405.16. Copies of the invoices and related shipping manifests are attached hereto as **Exhibit B** and incorporated for all purposes.

8.   Defendant was a "carrier" of the Cargo as that term is defined in the Carmack Amendment.

9.   Defendant either performed or oversaw the loading of the Cargo onto its truck. At some point in transport, Defendant pulled off the highway, unloaded, and then reloaded the Cargo. In reloading the Cargo, Defendant failed to properly tarp or cover the Cargo, and also failed to position or load the Cargo in a manner to prevent damage to the Cargo. Exhibit A states, "Material must be tarped."

10.   As a result of Defendant's actions as described above, the Cargo became wet due to inclement weather. In addition, due to Defendant's actions as described above, the Cargo became damaged.

11.   Buyer rejected the Cargo due to water damage and other damage resulting from Defendant's negligent handling of the Cargo. *See* Buyer's handwritten comments included at Exhibit A.

12.   As a result of Defendant's acts or omissions, Plaintiff has suffered actual damages in the amount of $63,405.16.

### FIRST CAUSE OF ACTION
### NEGLIGENCE

13.   The above paragraphs are incorporated as if set forth in full herein.

14.   Defendant had a duty to exercise ordinary care in the handling of the Cargo and to not cause harm to the Cargo. Defendant breached this duty to Plaintiff. Further, Defendant was negligent in the transportation, in loading and unloading the Cargo during transport, and in failing to properly tarp or cover the Cargo.

15. The Cargo was damaged due to Defendant's acts and omissions as described herein. As a result, Buyer refused the Cargo.

16. Defendant's acts and omissions as described above caused Plaintiff harm.

### SECOND CAUSE OF ACTION
### VIOLATIONS OF THE CARMACK AMENDMENT

17. The above paragraphs are incorporated as if set forth in full herein.

18. Defendant was a carrier pursuant to 49 U.S.C.A. §14706 (the "Carmack Amendment"). Defendant was liable for the Cargo. *See also* Exhibit A.

19. Defendant "is liable to the person entitled to recover under the receipt or bill of lading" 49 U.S.C.A. §14706(a)(1).

20. As the result of damage to the Cargo, and Buyer's subsequent refusal of the Cargo, Plaintiff suffered damages under 49 U.S.C.A. §14706(a)(1).

### PRAYER

For these reasons, Plaintiff, AMERICAN EXTRUSION COMPANY D/B/A NON-FERROUS EXTRUSIONS, asks that Defendant, POUZA TRUCKING, LLC, be cited to appear and answer and that Plaintiff have judgment against Defendant as follows:

(a) All Plaintiff's actual damages in the amount of $63,405.16;

(b) Costs of court in the trial court and appellate court;

(c) Costs of suit;

(d) Prejudgment and post-judgment interest; and

(e) All other relief the Court deems appropriate.

Respectfully submitted,

**ANDREWS MYERS, P.C.**


By:  /s/ *Stephanie Hayes Cook*
Stephanie Hayes Cook
State Bar No. 24013071
shayes@andrewsmyers.com
98 San Jacinto Blvd., Suite 300
Austin, Texas 78746
Telephone: (512) 900-3012

**ATTORNEYS FOR PLAINTIFF,
AMERICAN EXTRUSION COMPANY D/B/A
NON-FERROUS EXTRUSIONS**


## CERTIFICATE OF SERVICE

I certify that on the 9th day of February 2017, I caused the foregoing document to be filed and served through the Court's ECF system on counsel of record:

Jeffery R. Johnson
JRJ LAW, PLLC
Post Office Box 5735
Austin, Texas 78763
jeff@jrjfirm.com

  */s/ Stephanie Hayes*
Stephanie Hayes

4813-5960-8130, v. 1

5